# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | **Case No. 13-20716-TLM** |
| **JOHN P SQUIRES and** | ) | |
| **CAROL A SQUIRES** | ) | **Chapter 7** |
| | ) | |
| **Debtors.** | ) | |
| _____ | ) | |
| | ) | |
| **THOMAS BOONE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Adv. No. 13-07031-TLM** |
| | ) | |
| **CAROL A SQUIRES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM OF DECISION
_____

## BACKGROUND AND FACTS

On July 10, 2013, John and Carol Squires (collectively "Debtors") filed a
voluntary joint petition for chapter 7 relief commencing Case No.
13-20716-TLM.[1]  On September 17, 2013, Thomas Boone ("Plaintiff"), acting

_____

[1]  Unless otherwise indicated, all statutory references are to the Bankruptcy Code, Title
11, U.S. Code § 101–1532.  References to "Bankruptcy Rules" are to the Federal Rules of
Bankruptcy Procedure, and to "Civil Rules" are to the Federal Rules of Civil Procedure.  The
Court takes judicial notice of its files and records, Fed. R. Evid. 201, in order to outline the
procedural history.  References to filings made in the chapter 7 case, Case No. 13-20716-TLM,
(continued...)

MEMORANDUM OF DECISION - 1

without a lawyer, filed a complaint that commenced the present adversary

proceeding.  In addition to appearing *pro se*, it appears from the filings that

Plaintiff is incarcerated in, and mails his handwritten submissions from, the

Correctional Alternative Placement Program (CAPP) at the Idaho State

Correctional Institution in Kuna, Idaho.

Plaintiff sued only debtor Carol Squires ("Defendant").  *See* Adv. Doc.

No. 1 ("Complaint").  Plaintiff's Complaint alleges that near the time he and

Defendant were divorced in 2001, Defendant destroyed Plaintiff's mobile home

and its contents with a pick-axe, causing $10,000.00 of damage.  The Complaint

also alleges Defendant took $2,500.00 from Plaintiff's bank account that same

year.[2]  *Id.*  The Court views the Complaint as seeking an adjudication that a debt

of $12,500.00 is owed Plaintiff by Defendant and a declaration that this debt is

nondischargeable under § 523(a).[3]  Given Plaintiff's repeated references in the

---

[1] (...continued)
will be to "Doc. No. __" and to filings in this adversary proceeding, Adv. No. 13-07031-TLM,
will be to "Adv. Doc. No. __"

[2]  Debtors' chapter 7 filing did not list Plaintiff as a creditor holding a claim, and he was
not included on Debtors' master mailing list for purposes of notice.  But when Debtors later filed
the required "statement of domestic support obligations," Defendant indicated that Plaintiff was
owed $11,415.00 in support arrearage.  Doc. No. 9.  (The assertions of the support obligation
amounts, periodic term, and accrued arrearage in this document are incoherent.)  The schedules
were never amended by Debtors to show a claim of Plaintiff.  However, in some fashion, Plaintiff
learned of the bankruptcy case, and he asked to be added as a creditor.  *See* Doc. No. 20.  The
Court does not, in today's Decision, address any domestic support obligation claims that might
exist nor their dischargeability.

[3]  The Court makes "reasonable allowances" for *pro se* litigants and construes their
pleadings and papers liberally.  *See, e.g., Hyatt v. Hyatt (In re Hyatt)*, 2011 WL 6179267 at *4
(continued...)

MEMORANDUM OF DECISION - 2

Complaint and other papers to "vandalism" and "theft" and his other arguments,

the Court construes this action to be one seeking a judgment that the $2,500.00

debt is nondischargeable under § 523(a)(4) (a section of the Code concerning,

among other things, "larceny") and the debt for $10,000.00 is nondischargeable

under § 523(a)(6) (concerning debts for "willful and malicious injury" to a

person's property).[4]

On October 17, 2013, Defendant, appearing through counsel, filed a notice

of a December 3, 2013, hearing on a motion to dismiss.  Adv. Doc. No. 17.  But

no motion to dismiss was filed until November 8, 2013.  *See* Adv. Doc. No. 26

("Motion").  Despite taking an additional 3 weeks to prepare, the Motion was

bereft of any detail, analysis or authority.  And there was no accompanying brief;

instead, the Motion asserted that briefing would be filed 14 days before the

---

[3] (...continued)
(Bankr. D. Idaho Dec. 13, 2011).  That said, it is still the *pro se* litigant's burden to establish a
proper legal basis for any relief sought or defense raised, and to follow the requirements of the
Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules.  *See*, *e.g.*, *Arnold v. Gill (In
re Arnold)*, 252 B.R. 778, 781 n.2 (9th Cir. BAP 2000) ("*Pro se* appellants are accorded some
leeway, but cannot ignore the Code and Rules, and the rules of this court.").

[4]  The required "adversary cover sheet" that was filed by Plaintiff marked boxes
indicating that this suit was for turnover under § 542; recovery of preference under § 547;
determination of validity of lien; approval of sale of property under § 363; and objection to or
revocation of discharge under § 727.  Given the allegations of the Complaint, and the fact that
several of these actions referred to in the cover sheet could only be brought by a bankruptcy
trustee, the Court will ignore the cover sheet and deal with this suit as one under § 523 seeking a
declaration of nondischargeability of the debt allegedly owed Plaintiff.
Further, though the Clerk appropriately relied on the cover sheet and abated the entry of
Debtors' discharges, because the reference to § 727 in that cover sheet is inapt in light of the
allegations of and relief sought in the Complaint, the Court will instruct the Clerk to enter
Debtors' discharge.

MEMORANDUM OF DECISION - 3

scheduled December 3, 2013 hearing or, in other words, by November 19, 2013.

On November 12, 2013, the Court issued an Order vacating the hearing set by Defendant and requiring her counsel to file a brief supporting the Motion on or before November 19. The Court also allowed Plaintiff 21 days thereafter within which to respond, at which point the Court would deem the Motion submitted and would rule on the Motion without oral argument. Adv. Doc. No. 28.

Defendant's brief was filed on November 19. Adv. Doc. No. 29.[5] Plaintiff's brief was filed on November 27. Adv. Doc. No. 32. The Court has reviewed the same, and issues this Decision resolving the Motion.[6]

## DISCUSSION AND DISPOSITION

Defendant's brief asserts her Motion is brought under Civil Rule 12(b)(6) because the Complaint fails to state a claim on which relief may be granted. She argues relief cannot be granted because the alleged actions occurred in 2001 and, thus, the claims are barred by either applicable statutes of limitations or by the

---

[5] Defendant filed an "amended" brief the following day, *see* Adv. Doc. No. 30, but it asserts that it is filed merely to correct certain erroneous references to pleadings.

[6] In several of his filed papers, Plaintiff asked for "default judgment" because Defendant did not answer his Complaint or respond to his summons. However, under Civil Rule 12(b) (incorporated under Bankruptcy Rule 7012(b)), a motion to dismiss is filed prior to the filing of an answer. Defendant filed her Motion, so there is no basis for entry of "default judgment" and those requests will be denied.

Plaintiff also asked for "summary judgment" on his Complaint. However, such relief is inappropriate at this stage of the proceeding. Further, the submissions do not comply with the Bankruptcy Rules, Civil Rules or this Court's Local Bankruptcy Rules governing summary judgment. These requests will therefore also be denied.

Plaintiff in yet another of his filings (a so-called motion for "judgment on the pleadings") indicates he wants this Court to order Defendant "arrested" and to seize her assets. These requests are not proper and will also be denied.

MEMORANDUM OF DECISION - 4

equitable principle of laches.

On a motion to dismiss under Civil Rule 12(b)(6), the Court must accept as true the well-pleaded factual allegations of the Complaint, and construe all factual inferences in the light most favorable to Plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court, though, is not required to accept as true legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To comply with the pleading requirements of Civil Rule 8 and avoid a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)) (internal quotation marks omitted).

A Civil Rule 12(b)(6) motion allows the Court, in certain limited and exceptional circumstances, to resolve a matter on the pleadings alone, avoiding the cost and expense of litigation and trial. And it is a tool that has particular value where there is a fatal flaw found in the complaint.

Generally, the flaw must be found in the complaint itself, and not by reason of affirmative defenses that a defendant might raise. *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) ("For a complaint to be dismissed

MEMORANDUM OF DECISION - 5

because the allegations give rise to an affirmative defense[,] the defense clearly

must appear on the face of the pleading.").  Complaints need not anticipate

affirmative defenses and attempt to defeat them.  But "[a] plaintiff whose [own]

allegations show that there is an airtight defense has pleaded himself out of court,

and the judge may dismiss the suit on the pleadings[.]"  *Richards v. Mitcheff*, 696

F.3d 635, 637 (7th Cir. 2012).

      Ordinarily, the defenses of statute of limitations and laches—which

Defendant asserts here—are raised as affirmative defenses.  *See* Civil Rule 8(c)(1)

(listing both statute of limitations and laches as affirmative defenses).  However,

the Court of Appeals has clarified that this is not invariably the case:

> [Defendants] assert the statute of limitations defense by motion
> to dismiss.  The defense may be raised by a motion for dismissal or by
> summary judgment motion.  If the running of the statute is apparent on
> the face of the complaint, the defense may be raised by a motion to
> dismiss.
>
>     . . . .
>
>    . . . When a motion to dismiss is based on the running of the
> statute of limitations, it can be granted only if the assertions of the
> complaint, read with the required liberality, would not permit the
> plaintiff to prove that the statute was tolled.

*Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citations

omitted).

      A recent decision from the U.S. District Court for the District of Idaho is

instructive.  In *Mallard v. Battelle Energy Alliance, LLC*, 2013 WL 2458620 (D.

MEMORANDUM OF DECISION - 6

Idaho June 6, 2013), the defendant employer moved to dismiss the plaintiff's

causes of action under the Americans with Disabilities Act and the Idaho Human

Rights Act because they were barred by the relevant statutes of limitations.

In addressing the motion, the court noted: "Providing too much in the

complaint may also be fatal to a plaintiff.  Dismissal may be appropriate when the

plaintiff has included sufficient allegations disclosing some absolute defense or

bar to recovery."  *Id.* at *3 (citations omitted).  In *Mallard*, the court determined

three of the four wrongful acts alleged were time-barred, and the fourth was

actionable only under Idaho law.  *Id.* at *4.  The court therefore concluded it

proper to grant the defendant employer's motion to dismiss.  *Id.*

The plaintiff in *Mallard* argued his failure to timely file the actions was

excused by the principle of "equitable tolling."  The court disagreed:

> If the running of the statute of limitations "is apparent on the face of
> the complaint, the defense may be raised by a motion to dismiss."  *See
> Jablon v. Dean Witter & Co.*, 614 F.3d 677, 682 (9th Cir. 1980). . . .
> [I]n this case, if the complaint—read with the required
> liberality—would not permit Mallard to prove that the statute of
> limitations was tolled, then the Court may grant a motion to dismiss
> based on the running of the limitations period.  *See Supermail Cargo,
> Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995).
>
> Under these authorities, if Mallard pleads facts showing that the
> limitations period has expired, he must also plead facts supporting
> equitable tolling, or some other saving doctrine.  Plaintiffs cannot
> defend a motion to dismiss by generally asserting that they might find
> some facts during discovery that would toll the relevant statute of
> limitations.  Otherwise, in practice, limitations defenses could never be
> decided on a motion to dismiss—even when a plaintiff "pleads itself
> out of court" by alleging "all the ingredients of an impenetrable defense

MEMORANDUM OF DECISION - 7

. . . ." *Xchem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

2013 WL 2458620 at *7 (some citations omitted).  Because the complaint did not allege facts sufficient to support tolling or other equitable exceptions to the statute of limitations defense, the *Mallard* court granted the defendant's motion to dismiss the claims.  *Id.* at *7–8.

To apply these principles to the present litigation and Motion, the Court must first determine the relevant statutes of limitations.  Under Idaho law (nothing suggesting any other law applies), "[t]he appropriate statute of limitation is determined by the substance of the claim, not the form of the action, and '[t]he first analytical step is to classify [the] cause of action so the applicable statute of limitations can be used to determine whether the claim is time barred.'" *McCormack v. Caldwell*, 266 P.3d 490, 494 (Idaho Ct. App. 2011) (second and third alteration in original) (citation omitted).

*McCormack* noted that "an action for taking, detaining or injuring any goods or chattels," whether sounding in tort or in contract, is governed by the three-year limitation period found in Idaho Code § 5-218(3).  *Id.* (citing *Common Sch. Dist. No. 18 v. Twin Falls Bank & Trust Co.*, 12 P.2d 774, 775–76 (Idaho 1932)).[7]  The asserted pick-axe damage to Plaintiff's mobile home is an injury to a

_____

[7]  The decision in *Common Sch. Dist. No. 18* addressed § 6611 of the Idaho Compiled Statutes, the predecessor to Idaho Code § 5-218.  This statute was determined to apply in that case, which involved the alleged wrongful taking of funds of the school district by the bank (a

(continued...)

MEMORANDUM OF DECISION - 8

good or chattel under Idaho Code § 5-218(3) and subject to a three-year limitation period. The action accrued upon the act causing the injury. *Id.* at 495 (noting that "discovery exceptions" to the accrual of a cause of action under Idaho Code 5-218 are expressly limited to those granted by the legislature, such as in § 5-218(4)).

The alleged wrongful taking of the $2,500 was likewise a conversion and subject to the three-year limitation period of Idaho Code § 5-218(3).[8] *See id.* The cause of action for conversion accrues as soon as the property is wrongfully taken or retained. *Freiberger v. American Triticale, Inc.*, 815 P.2d 437, 439 (Idaho 1991) (citation omitted).

Both acts, according to Plaintiffs' allegations, occurred in 2001. The statute of limitations ran almost a decade ago. Even liberally read, Plaintiff's Complaint does not allege facts, nor allow inferences to be drawn, sufficient to establish a tolling of the three year statute of limitations that arose upon the alleged 2001 conduct. Recognizing that Plaintiff is currently incarcerated, the Court has evaluated possible tolling under Idaho Code §§ 5-230 and 5-213.

---

[7](...continued)
"conversion"). In *McCormack*, the Court of Appeals determined that the asserted taking and forgery of checks was the conversion of an "instrument" and, thus, a different statute of limitations, Idaho Code § 28-3-118(7), applied, though it also established a three-year limitation.

[8] Defendant argues the statute in Idaho Code § 28-3-118(7) applies here, but does not persuade the Court that taking cash from the ATM is a "conversion of an instrument" under that statute. *See* Idaho Code § 28-3-104 (defining instrument); *cf., In re Pangburn*, 296 P.3d 1080, 1085 (Idaho 2013) (in attorney disbarment case, construing attorney's wrongfully keeping and failing to return client's money as a "conversion" in the general sense). It is an issue of little import, though, as both statutes create three-year limitation periods.

MEMORANDUM OF DECISION - 9

However, there is a lack of factual allegations that would support tolling on this basis for the entirety of the extended time period existing here. *Accord*, *Gowin v. Altmiller*, 663 F.2d 820, 823 (9th Cir. 1981) (construing Idaho Code § 5-230, and concluding that imprisonment does not toll limitations for causes of action already in existence when the imprisonment began), *abrogated on other grounds by Wilson v. Garcia*, 471 U.S. 261 (1985).

Here, as in *Mallard*, the motion to dismiss is well taken.[9] Inasmuch as the claim is barred, a determination of whether the suggested conduct justifies a finding of nondischargeability under § 523 is rendered moot. *See*, *e.g.*, *Stanbrough v. Valle (In re Valle)*, 469 B.R. 35, 43 (Bankr. D. Idaho 2012) (determination of nondischargeable debt involves a two-step process: first, the establishment of the debt itself, and, second, a determination of whether it is dischargeable).

## CONCLUSION

The Complaint, appropriately reviewed consistent with controlling law, contains a fatal flaw. As the statute of limitations bars the Complaint, the Court determines the Motion is well taken and will be granted. The Court shall enter its own order.

---

[9] By reason of this conclusion, the Court need not address Defendant's alternative ground for dismissal on the basis of Plaintiff's Complaint being barred by "laches."

MEMORANDUM OF DECISION - 10

DATED:  January 15, 2014



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 11

## CERTIFICATE OF SERVICE

A "notice of entry" of this Order has been served on Registered Participants as reflected by the Notice of Electronic Filing.  A copy of the Order has also been provided to non-registered participants by first class mail addressed to:

Thomas Boone
@ CAPP 02, 27A
15505 S. Pleasant Valley Road
Kuna, ID 83634

Case No. 13-07031-TLM

Dated:  January 15, 2014


_____/s/_____
Gale Price
Law Clerk to Chief Judge Myers